IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERVICIOS MISIONES S.A. de C.V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3347 |
| | § | |
| B R CRANE & EQUIPMENT, LLC, | § | |
| AND RAHIM RAJWANI, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM & ORDER SETTING ASIDE ENTRY OF DEFAULT**

After B R Crane & Equipment, LLC and Rahim Rajwani failed to respond to this lawsuit, Servicios Misiones moved for entry of default and default judgment against both defendants. (Docket Entry No. 13). The court granted the motion and entered default on April 18, 2018. (Docket Entry No. 14). On May 9, counsel for Rajwani entered an appearance and moved to set aside the judgment against Rajwani. (Docket Entry No. 15). Servicios opposes the motion. (Docket Entry No. 16). For the reasons stated below, the motion to set aside the default against Rajwani is granted.

Summons first issued on November 9, 2017. (Docket Entry No. 4). On January 24, 2018, after ten unsuccessful attempts to serve the defendants, the court granted the motion to substitute service, and the process server posted suit papers on Rajwani's front door and mailed him a copy via first class mail. (Docket Entry Nos. 7, 8, 10). Two and a half months later, both defendants still failed to respond and Servicios moved for entry of default and default judgment on April 13. (Docket Entry No. 13). The court granted the default on April 18. (Docket Entry No. 14). On May 9, Rajwani moved to set aside the default judgment against him, arguing that Servicios will not be prejudiced by setting aside the judgment and that he has a meritorious

1

defense to the claims against him. (Docket Entry No. 15). Rajwani denies the factual allegations in the complaint and argues that he is not personally liable because B R Crane is a limited liability company. Rajwani also argues that he did not willfully ignore the notices sent to him.

Rule 55(c) allows the court to "set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Rule 60(b), in turn, allows the trial court to "correct obvious errors or injustices." *Sontay v. Hin's Garden*, No. H:13-cv-3721, 2014 WL 6722507, at *1 (S.D. Tex. Nov. 26, 2014) (quoting *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977)). In determining whether to set aside a default judgment, district courts are to consider: (1) whether the defendant willfully defaulted; (2) whether a meritorious defense is presented; and (3) whether setting aside the default judgment would prejudice the plaintiff. *Scott v. Carpanzano*, 556 F. App'x 288, 293 (5th Cir. 2014) (citation omitted). "Of these factors, two can be determinative: a district court may refuse to set aside a default judgment if it finds either that the default was willful or that the defendant failed to present a meritorious defense." *Id.* "Rule 60(b) [should be] applied most liberally to judgments of default, since trial on the merits is to be favored over such a truncated proceeding. Unless it appears that no injustice results from the default, relief should be granted." *In re OCA, Inc.*, 551 F.3d 359, 370–71 (5th Cir. 2008). "In light of the general disfavor of default judgments, 'where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.'" *Id.* at 371 (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).

"[I]f a district court finds a defendant's default to be willful, then the district court need not make any other finding." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 120 (5th Cir. 2008) (citing *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)). "A willful default is an 'intentional failure' to respond to litigation." *In re OCA*, 551 F.3d at 370 n.32 (quoting *Lacy*,

227 F.3d at 292). "[P]erfection of service is not determinative—the defendant's knowledge of the perfected service, and the defendant's actions post-service also play a role in measuring the willfulness of a defendant's default." *Jenkens*, 542 F.3d at 122–23. The Fifth Circuit has warned against adopting a "willfulness presumption" that would "render meaningless . . . the instruction to apply Rule 60(b) 'most liberally' when considering whether to vacate a default judgment." *In re OCA*, 551 F.3d at 372. The court resolves any doubts in the defendant's favor. *See*, *e.g.*, *Fjeld v. JPMorgan Chase Bank, N.A.*, No. H-13-1746, 2016 WL 6885579, at *3 (S.D. Tex. Apr. 14, 2016); *Sontay*, 2014 WL 6722507, at *2–3. Rajwani admits that he was in contact with the process server via phone, but argues that he did not know that he was being sued personally, rather than solely as an agent of B R Crane. Rajwani states that he did not see the notice on his front door, as he enters his house through the garage. Although Rajwani's actions may have been negligent, it is not clear they were intentional. *See*, *e.g.*, *Scott*, 556 F. App'x at 296 (reversing district court's finding of willfulness because although defendants' failure to respond "may have been negligent, it [did] not amount to an 'intentional failure to respond to litigation.'" (quoting *In re OCA*, 551 F.3d at 370 n.32)).

"A district court has the discretion to refuse to set aside a default judgment under 60(b)(1) if the defendant 'fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party.'" *Jenkens*, 542 F.3d at 120 (quoting *Lacy,* 227 F.3d at 293). "In determining whether a meritorious defense exists, '[t]he underlying concern is . . . whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *In re OCA*, 551 F.3d at 373 (quoting *Jenkens*, 542 F.3d at 22) (alterations in original). Rajwani must present "definite factual allegations" instead of "mere legal conclusions" to support a finding of a meritorious defense. *Jenkens*, 542 F.3d at 122.

3

Rajwani disputes Servicios' version of the facts and argues that B R Crane at least partially performed its obligations under the contract, undermining Servicios' damages calculations. Rajwani also argues that he is not personally liable because he acted solely as an agent of a limited liability company, citing § 101.114 of the Texas Business Organizations Code. Rajwani argues that personal liability is appropriate only where he "caused the [LLC] to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for [his] direct personal benefit," which he contends he did not. TEX. BUS. ORG. CODE § 21.223. Rajwani provides sufficient evidence to establish the defense he intends to raise and to set aside the default. *See, e.g.*, *Jenkens*, 542 F.3d at 122 (one's "defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." (citation omitted)). Rajwani's motion and submissions have shown "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.*, 551 F.3d at 359 (citation omitted).

The Fifth Circuit has consistently held that a plaintiff has not suffered sufficient prejudice to warrant upholding a default judgment when setting it aside does "no harm to plaintiff except to require it to prove its case." *Lacy*, 227 F.3d at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). To maintain a default judgment, the plaintiff must show that setting it aside will result in "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Scott*, 556 F. App'x at 298 (quoting *Lacy*, 227 F.3d at 293). Servicios argues that setting aside the default judgment against Rajwani would prejudice its ability to collect damages because B R Crane no longer does business and cannot satisfy the damages awarded in the default judgment. (Docket Entry No. 16 at 8, ¶ 21). This will be true whether Servicios seeks to enforce the default judgment or any other judgment.

Servicios does not explain how B R Crane's ability to pay damages implicates a loss of evidence, difficulties in discovery, or greater opportunities for fraud or collusion. *See Lacy*, 227 F.3d at 293 (delay or requiring a plaintiff to prove his case does not constitute prejudice). In fact, Rajwani asserts that he still has relevant evidence, including invoices and sales agreements, which he attaches to his motion to set aside the default. (Docket Entry No. 15 at 12). Servicios has not demonstrated that it would be prejudiced by setting aside the default judgment.

In entertaining a motion to vacate, "[c]ourts may also consider whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." *Jenkens*, 542 F.3d at 119. Here, the default judgment is significant—more than $375,000—and Rajwani acted expeditiously to correct the default once he knew about it. *See, e.g.*, *Windsor Worldwide Grp., Inc. v. Veho UK Ltd.*, No. 4:17-CV-329, 2017 WL 4551363, at *2 (S.D. Tex. Oct. 12, 2017) ("A six-figure sum is at stake in this litigation, a substantial loss for [the defendant] if a default judgment were entered.").

## IV. Conclusion

Rajwani's motion to set aside the default judgment against him, (Docket Entry No. 15), is granted. An initial conference is set for **July 10, 2018 at 9:30 a.m.**

SIGNED on June 11, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

5